IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF Alcatel Cell Phone Model 5041C S/N 01516300455909, Sim Card 89014103271502674151 Currently Located at the West Virginia State Police Evidence Locker, Elkins, WV | Case No. 2:20mj14 |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, John Hare, Senior Inspector with the United States Marshals Service, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. Your affiant, is a Senior Inspector with the United States Marshal Service (USMS). I have been employed with the USMS for over 27 years. I am currently assigned as the Northern District of West Virginia (N/WV) Sex Offender Investigation Coordinator. Among my duties, I am responsible for investigating crimes involving individuals who are convicted sex offenders and have failed to register under Title 18, U.S.C. § 2250(a).

3.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.  Based on the facts set forth in this affidavit, there is probable cause to believe that Jason Steven KOKINDA (KOKINDA) may be in violation of Title 18, U.S.C. § 2250(a), Failure to Register. On December 17, 2019, KOKINDA was indicted in the Northern District of West Virginia for Failure to Register in violation of Title 18, U.S.C. § 2250(a). During the course of this criminal investigation, it was learned that on September 30, 2019, the Elkins, WV Police Department executed a state search warrant on a vehicle belonging and being operated by KOKINDA. During the search of this vehicle, Elkins, WV Police Department seized a Samsung cell phone and two HP Computers. On October 1, 2019, the Elkins, WV Police Department obtained a state search warrants for the digital data and information accessible with these device. The Elkins, WV Police Department submitted the device to the West Virginia State Police ICAC Unit for forensics examination. On October 2, 2019, the West Virginia State Police executed a state search warrant on the same vehicle. The West Virginia State Police seized numerous credit cards, receipts, and an Alcatel cell phone and SD card. Based on my training and experience and the facts as set forth in this affidavit, this device will provide information that will show KOKINDA traveled in interstate commerce from the State of New Jersey to the State of West Virginia and failed to register as a sex offender in the State of West Virginia as required by the Sex Offender Registration and Notification Act commonly known as SORNA, Title 18, U.S.C § 2250(a). There is probable cause to believe that the information described in Attachment A contains evidence of these crimes and items to be seized listed in Attachment B.

**IDENTIFICATION OF THE DEVICE TO BE EXAMINED**

5.       The property to be searched is a **Alcatel Cell Phone Model 5041C S/N 01516300455909, Sim Card 89014103271502674151**, possessed by Jason Steven KOKINDA, hereinafter ("Subject Phone" or "Device").  The subject phone and SD card are currently located at the West Virginia State Police Evidence Locker, Elkins, WV.

6.       The applied-for warrant would authorize the forensic examination of the subject phone for the purpose of identifying electronically stored data particularly described in Attachment B.

**PROBABLE CAUSE**

7.       Beginning in early October 2019, the West Virginia State Police and the United States Marshal Service initiated a state/federal Failure to Register investigation into Jason Steven KOKINDA.  KOKINDA had two prior felony sex offense convictions the States of New Jersey and Pennsylvania.    Based on these convictions, KOKINDA would be required to register as a sex offender under SORNA in the state of his residency.

8.       On September 28, 2019, officers from the Elkins, WV Police Department were dispatched to the Elkins City Park in reference to a female juvenile being assaulted by an adult male.  The complainant, a female juvenile advised the male subject had approached her at the park asking her for her Snap Chat and Tik Tok account names.  The complaint advised the male touched her and began pushing her on the swings.  The complainant stated the male had messaged her several times on Snap Chat.  Investigating officers were able to document the Snap Chat conversations via screen shoot photo of the complainant's phone.  This male was later identified as Jason Steven KOKINDA.

3

9.  On September 29, 2019, KOKINDA was arrested by the Elkins, WV Police Department and charged with Obstructing an Officer, Fleeing on Foot, and Failure to Sign Fingerprint Card. The Elkins, WV Police Department later charged KOKINDA with Third Degree Sexual Abuse. It was later learned KOKINDA was an unregistered sex offender and had last registered in the State of Vermont in 2017.

10. On September 30, 2019, the Elkins, WV Police Department obtained a state search warrant for a 1999 Ford Contour bearing New Jersey registration C79LAH. This vehicle is registered to Jill Wong, mother of KOKINDA. During the execution of the search warrant, one Samsung cell phone, S/N G357MGSMH; one HP Laptop, S/N CND9044YXF; and one HP Laptop, S/N 5CD7220T0S were seized as evidence.

11. On October 1, 2019, the Elkins, WV Police Department obtained a state search warrant for data contents located in Samsung cell phone, S/N G357MGSMH; HP Laptop, S/N CND9044YXF; and HP Laptop, S/N 5CD7220T0S. Those items were sent to the West Virginia State Police ICAC Unit in Morgantown, WV for forensic examination.

12. On October 2, 2019, the Elkins, WV Police Department contacted the West Virginia State Police to assist in their investigation. On this date, the West Virginia State Police obtained a state search warrant for the 1999 Ford Contour bearing New Jersey registration C79LAH. During the search, 7 credit cards belonging to KOKINDA, a black in color **Alcatel cell phone, model 5041C, S/N 015163004555909 and one micro SD card #89014103271502674151** were found. This phone and SD card were seized as evidence and placed in the evidence locker at the West Virginia State Police, Elkins, WV.

13. SI John Hare was then contacted by the West Virginia State Police who requested assistance in a failure to register criminal investigation. During the initial investigation, SI Hare

4

and the West Virginia State Police found information KOKINDA had stayed at a campsite in Pendleton County, WV, from September 8, 2109, through September 22, 2019. SI Hare later developed information KOKINDA had stayed at a campsite in Tucker County, WV in late September 2019.

14. On October 23, 2019, the West Virginia State Police obtained state search warrants for the credit cards located in KOKINDA's vehicle. Records provided by the credit card companies showed KOKINDA had used the credit cards starting on August 23, 2019, at various locations in the Elkins, WV area and other places located within the Northern District of West Virginia up until his arrest on September 29, 2019.

15. The Device is currently in storage at West Virginia State Police Evidence Locker, Elkins, WV. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into their possession.

## TECHNICAL TERMS

16. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and

    from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

    b. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

17. Based on my training, experience, and research, as well as using a government-issued iPhone in my capacity as an USMS Senior Inspector, I know that the Device has capabilities that allow it to serve a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

18. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensic tools.

19. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

20.   *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

21.   *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

22. Based upon the forgoing facts, I believe there is sufficient probable cause for the issuance of a Search Warrant for the property listed in Attachment A, to seek evidence related to violations of Title 18, U.S.C. § 2250(a), Failure to Register as a sex offender.

23. The applied-for warrant would authorize the imaging, examination and analysis of the Device for the purpose of identifying electronically stored data, particularly described in Attachment B.

Respectfully submitted,

By Phone

_____
John Hare
Senior Inspector
United States Marshal Service

Subscribed and sworn to before me
on April 17, 2020:

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE